**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MARY CHANDLER (Individually)**
**and MARY CHANDLER as Personal**
**Representative of the ESTATE OF**
**RAYMOND CHANDLER,**

       Plaintiffs**,**

**v.**                             **Case No.: 8:08-CV-1799-T33-EAJ**

**R.J. REYNOLDS TOBACCO COMPANY,**
**a foreign corporation; PB AMERICA INC.,**
**a foreign corporation; PUBLIX SUPER**
**MARKETS, INC., a Florida corporation; and**
**WINN DIXIE STORES, INC., a Florida**
**corporation,**

       Defendants.

## <u>REPORT AND RECOMMENDATION</u>

Before the court are **Defendant's Publix Super Markets, Inc.'s Motion to Dismiss** (Dkt. 8) filed on September 15, 2008, and **Defendant's BP America Inc.'s Motion to Dismiss** filed on September 17, 2008 (Dkt. 12).[1] For the reasons set forth below, it is recommended that Defendants' motions be granted.

Plaintiffs filed suit against Defendant Publix Super Markets, Inc. ("Publix") and Defendant BP America Inc.'s ("BP America") in state court on January 9, 2008 (Dkt. 1). The case was removed to this court on September 11, 2008. In their complaint, Plaintiffs assert personal injury and wrongful death claims against Publix and BP America arising from their sale of tobacco

---

[1] The district judge referred these matters for a report and recommendation (Dkts. 10, 16). <u>See</u> 28 U.S.C. § 636(c); Local Rules 6.01(b) and (c), M.D. Fla.

products to Plaintiffs (Dkt. 2).  Plaintiffs allege that Raymond Chandler ("Decedent") died on or about March 11, 2004 (Dkt. 2 at 1).  In addition, Plaintiff allege that Mary Chandler suffers from smoking related diseases, which manifested themselves on or before November 21, 1996 (Dkt. 2 at 8).

Defendants filed  motions to dismiss asserting, without contradiction, that Plaintiffs' claims are time-barred and subject to dismissal based upon the applicable statutes of limitations (Dkts. 8, 12).  Furthermore, Defendants contend that Plaintiffs' claim for damages are subject to dismissal for failure to state a claim for which relief may be granted (Id.).

Plaintiffs' response to Publix's motion to dismiss was due on October 2, 2008.  Plaintiffs' response to BP America's motion to dismiss was due on October 6, 2008. To date, Plaintiffs have failed to file timely memorandum in opposition to the relief sought within the time allotted by Local Rule 3.01(b), M.D. Fla., and are therefore deemed to have no objection.

Upon consideration, it is **RECOMMENDED** that **Defendant Publix's Motion to Dismiss** (Dkt. 8) and **Defendant BP America's Motion to Dismiss** (Dkt. 12) be **GRANTED**.

**Date:  October 14, 2008**

ELIZABETH A JENKINS
United States Magistrate Judge

**<u>NOTICE TO PARTIES</u>**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal and a <u>de novo</u> determination by a District Judge.  <u>See</u> 28 U.S.C. § 636(b)(1).

Copies to:
District Judge
Counsel of Record