UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARY CHANDLER, individually and
as PERSONAL REPRESENTATIVE OF THE
ESTATE OF RAYMOND CHANDLER,

      Plaintiffs,

v.                                     Case No. 8:08-cv-1799-T-33EAJ

R.J. REYNOLDS TOBACCO COMPANY,

      Defendant.

_____/

### ORDER

This cause is before the Court pursuant to R.J. Reynolds Tobacco Company's Motion to Sever Plaintiffs' Claims (Doc. # 82), which was filed on July 22, 2011.  Mary Chandler filed a Response in Opposition to the Motion (Doc. # 86) on August 16, 2011.  For the reasons that follow, the Court denies the Motion.

## I.  Background

Mary Chandler filed this negligence and strict liability action in State court on January 9, 2008, served R.J. Reynolds with process on August 21, 2008, and R.J. Reynolds removed it to this Court on September 11, 2008. (Doc. ## 1, 2).  The complaint alleges that as a result of smoking cigarettes manufactured by R.J. Reynolds, Raymond Chandler "suffered severe injuries which ultimately, and in a natural and continuous sequence, lead to his death." (Doc. # 2 at ¶ 33).

Mary Chandler has been appointed as the Personal Representative of Raymond Chandler's Estate, and she alleges that as a result of smoking cigarettes manufactured by R.J. Reynolds, she suffers from chronic obstructive pulmonary disease, lung cancer, shortness of breath, cardiovascular injures, and other injuries. Id. at ¶¶ 3, 15.

On December 30, 2008, the Court granted R.J. Reynolds's Motion to Stay Pending Final Resolution of Interlocutory Appeals. (Doc. ## 25, 30).[1]  The parties filed a succession of notices indicating that the interlocutory appeals at issue were resolved by the Eleventh Circuit. (Doc. ## 56-58).  On November 15, 2010, the Court lifted the stay of this case. (Doc. # 63). On March 1, 2011, the Court entered its Amended Case Management and Scheduling Order (Doc. # 66) setting this case for a jury trial during the Court's August 2012, trial term.

---

[1] In the Motion to Stay, R.J. Reynolds represented, "Of the approximately 4,000 [tobacco] cases currently pending in Florida federal courts, all but 10 have been stayed pending final resolution of the [Brown and Burr] interlocutory appeals." (Doc. # 25 at 2).

By its present Motion, R.J. Reynolds seeks to sever this case into two separate cases pursuant to Rule 21 of the Federal Rules of Civil Procedure.[2]

## II.  Discussion

R.J. Reynolds correctly argues that federal procedural law, rather than state law, governs the present procedural issue pursuant to the Erie doctrine.  However, in support of its Motion to Sever, R.J. Reynolds identified and filed as exhibits numerous State court tobacco litigation cases in which motions to sever were granted.  In each of those cases, the court relied upon state rules of procedure, rather than the federal rules.  In addition, the federal cases cited by R.J. Reynolds are largely inapplicable.  Particularly unavailing is R.J. Reynolds's reliance on In the Matter of Asbestos II Consolidated Pretrial, Case No. 86 C 1739, 1989 WL 56181 (N.D. Ill. May 10, 1989).  The Asbestos II trial court severed the claims of numerous pipe fitters in the same union all suffering from the same asbestos-related illness.  That court determined that "joinder does not alleviate the confusion that would be characteristic of a trial involving over 100 plaintiffs, each with an individual claim based on

---

[2]  Rule 21, Fed.R.Civ.P., states in pertinent part, "The court may . . . sever any claim against a party."

unique facts, the very situation that Rule 20 requirements are designed to minimize." Id. at *1.   The Asbestos II case is neither binding nor persuasive.   The difference between over 100 separate claimants (as in Asbestos II) and two claimants (as in the present case), from a juror's perspective, is beyond comparison.   In addition, rather than union workers being exposed to asbestos on the job at various times and locations, the present case involves the intertwined interactions of a husband and wife.

According to the complaint, Raymond Chandler smoked cigarettes from 1958 until 2004, and Mary Chandler smoked cigarettes from 1965 until 1995.   (Doc. # 2 at ¶ 7).   Mary Chandler started smoking when she was 16, and Raymond Chandler started smoking when he was 24.   Id. at ¶ 16. The cigarettes were manufactured by R.J. Reynolds and purchased by the Chandlers in Pinellas County, Florida. Id. at ¶¶ 6, 12.   The Chandlers "did not in the exercise of ordinary diligence know of the likelihood of, the severity of, or the risks from defendants' tobacco products." Id. at ¶ 9. The Chandlers "used defendants' tobacco products in the intended manner and without significant change in their condition from purchase." Id. at ¶ 13.

This Court has reviewed Rules 20 and 21, Fed.R.Civ.P., cases applying those Rules, as well as Mary Chandler's Response in Opposition to the Motion. The Court determines that the claims at issue were not improperly joined and that separating Mary Chandler's individual claims from her claims as the Personal Representative of her late husband would not further the ends of justice. This case has been pending for over three years, and an order of severance would cause further protraction. The effect of a Rule 21 order of severance is to create two separate cases. This Court is unwilling to start these proceedings over from scratch, especially in light of Mary Chandler's significant health concerns.

In addition, the Court determines that R.J. Reynolds has waited too long to raise this issue now. The Court lifted the stay of this matter on November 15, 2010. R.J. Reynolds should have moved for severance then, not nine months later. The Court also notes its agreement with Mary Chandler's statement that "[j]udicial economy can . . . be served by trying both claims in front of the same jury. Further, in today's economy, the Plaintiffs would save money, as would the federal government. Defendant can show no prejudice by trying the two claims together." (Doc. # 86 at 2). It should also be

noted that Mary Chandler plans to call the same out-of-state physician as a witness with respect to her individual claims and her claims as the Personal Representative of Raymond Chandler's Estate.

Thus, upon due consideration, this Court exercises its broad discretion to deny the Motion to Sever.[3]

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant R.J. Reynolds Tobacco Company's Motion to Sever Plaintiffs' Claims (Doc. # 82) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>26th</u> day of August, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record

---

[3] In reaching this decision, the Court is mindful that the Florida Supreme Court ordered class decertification in the <u>Engle</u> litigation, which involved over 7,000 claimants, because "individualized issues . . . predominate." <u>Engle v. Liggett Group, Inc.</u>, 945 So.2d 1246, 1267-68 (Fla. 2006). However, the Court does not read the decertification order to preclude joinder under limited circumstances, such as in the present case.

-6-