UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARY CHANDLER (Individually) and
MARY CHANDLER, as Personal
Representative of the Estate of
Raymond Chandler,

        Plaintiffs,
v.                      Case No. 8:08-cv-1799-T-33EAJ

R.J. REYNOLDS TOBACCO COMPANY,

        Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to the parties' Supplemental Joint Status Report (Doc. # 102), which was filed on June 27, 2012. Therein, the parties jointly request that this case remain under stay until October 1, 2012, "at which point the parties can provide another joint status report." Id. at 2. For the reasons that follow, the Court lifts the stay of this case and sets this case for a jury trial.

**Discussion**

Plaintiffs initiated this action in state court on January 9, 2008, and Defendant removed to this Court on September 11, 2008, after being served with the complaint on August 21, 2008. (Doc. # 1 at 10). This Court entered its Case Management and Scheduling Order on December 18, 2008.

(Doc. # 29). Among other deadlines, it established the discovery deadline as September 11, 2009, and set this case for a jury trial during the Court's March 2010, trial term. Id. On December 30, 2008, the Court entered an Order (Doc. # 30) granting as unopposed Defendant's Motion to Stay Pending Final Resolution of Interlocutory Appeals (Doc. # 25). Therein, the Court stayed this case pending the final resolution of the interlocutory appeals in <u>Bernice Brown v. R.J. Reynolds Tobacco Co.</u>, Case No. 3:07-cv-761-J-25HTS, and <u>Franklin J. Burr v. Philip Morris USA, Inc.</u>, Case No. 8:07-cv-1429-T-23EAJ. (Doc. # 30).

On November 15, 2010, this Court entered an Order remarking that the aforementioned interlocutory appeals have been resolved, lifting the previously imposed stay of the case, and directing the parties to file an updated Case Management Report. (Doc. # 63). The parties filed their updated Case Management Report (Doc. # 64) on December 6, 2010, and the Court issued its Amended Case Management and Scheduling Order (Doc. # 66) on March 1, 2011, setting the discovery deadline as March 23, 2012, and the dispositive motions deadline as May 4, 2012, and setting this case for a jury trial during the Court's August 2012 trial term. Thereafter, the parties selected Peter Grilli, Esq. as their

mediator and scheduled mediation for April 30, 2012. (Doc. # 70).[1]

On September 7, 2011, the parties filed their Joint Motion for Stay (Doc. # 95), in which the parties enumerated various reasons why the case should be stayed for 9 months. The Court entered an Order staying the case pursuant to the parties' request on that same date. (Doc. # 96).

Nine months later, on June 15, 2012, the Court entered an Order directing the parties to advise the Court as to the status of this case and whether the parties would be ready for trial in August 2012. (Doc. # 99). On June 20, 2012, the parties filed a Joint Status Report indicating that the parties desire that the case remain under stay until October 2012, and that the parties will be able to furnish additional status reports in October 2012. (Doc. # 100). No reason was given for the parties' apparent lack of motivation to move forward with this case. On June 20, 2012, this Court entered an Order rejecting the parties' vague and unsupported request for a continued stay of this case and noted, "[u]nless the parties provide a compelling reason to continue the stay of

---

[1] It is not clear from the Court's review of the docket whether the parties actually mediated this case. The parties are directed to advise the Court as to whether they conducted mediation, and if so, the results of the mediation, by July 3, 2012.

-3-

this case . . . the Court will lift the stay and set this case for an August 2012 trial." (Doc. # 101).

On June 27, 2012, the parties provided their Supplemental Status Report. That Status Report is rife with inaccurate statements and unpersuasive arguments. The Court notes that it granted the parties' request for a nine-month stay of this case in September 2011, based on Defendant's representation that the case should be stayed pending resolution of Defendant's Rule 16(c) Motion filed in Waggoner v. R.J. Reynolds Tobacco Co, Case No. 3:09-cv-10367-TJC-JBT. A review of the Waggoner case reveals that the Rule 16(c) Motion was decided on February 7, 2012. In addition, the parties have not provided any compelling reason why a continued stay is necessary. As this case was initiated in state court on January 9, 2008, this Court is duty-bound to move it forward toward final resolution.

At this juncture, the Court determines that it is appropriate to lift the stay of this case. Furthermore, as the parties have correctly identified the Waggoner case as a related case, the Court determines that it is appropriate to enter a Case Management and Scheduling Order tracking that which was recently entered in the Waggoner case. The Court directs the Clerk to enter the Case Management and Scheduling Order attached hereto as Exhibit A.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The stay of this case is lifted and this case is set for trial as specified in the Case Management and Scheduling Order attached as Exhibit A.

(2) The parties are directed to advise the Court as to the status of the mediation by July 3, 2012.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>27th</u> day of June, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:

All Counsel and Parties of Record